# UNITED STATES DISTRICT COURT FOR SOUTHERN  TEXAS

## HOUSTON D M S I 0 N

United States Courts
Southern District of Texas
FILED

*October 13, 2023*

Nathan Ochsner, Clerk of Court

**RYON DIOR LEE,**
    **Plaintiff,**

**V.**

**Case  No.**   4:23-cv-3973

**Capital One Anto.Einancing**

**Dereyk Fields,** an individual in his personal
Capacity ,.off duty Officer for Harris County
Sheriff Department

**Kenneth Massey,.an** indi.vidual in his personal
Capacity , off duty Officer for Harris County
SheriffDepartment

**LeRon Kelly,** an i.ndividual in his personal
Capacity ,.off duty Officer for Harris County
Sheriff Department

Harris County Sheriff Department,

**Ed Gonzalez,** Sheriff o f
Harris County Sheriff Department.

**ETAL,**

    **-Defendants**

---

**COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
CONSTITUTIONAL VIOLATION**

---

I

Plaintiff, Ryon Lee, representing herself before this court, is suing Defendants, Capital, One, A Jinancial institution (banking, credit cards, and auto financing. Officers in their personal and business capacity, a repo company at the time of this drafting is unknown, operating in the state of Texas on behalf of Capital One Auto Financing, and Police Department. Plaintiff was arrested by the Constables of Harris County Department for videoing an incident which occurred on the property 10723 Cypresswood Drive, Houston, Texas 77070 of the residence of Veronica M. Smith, her mother over a civil debt. Plaintiff asserts a "breach of peace" was caused by the Defendants, on behalf of Capital One finance company in obtaining possession of a vehicle by entering a private gated property which does not have public access.

## JURISDICTION

*28* U.S.C.§1331 The district has original jurisdiction of Plaintiff's civil actions arising under the Constitution, laws, or treaties of the United States.

## VENUE

Plaintiff, Ryon Lee brings her civil action in this district under *28 U.S.C. §1331* wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by Jaw, be brought only in (1) a judicial district where any defendant resides, -if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions

2

## PARTIES INVOLVED

**PLAINTIFF:**

Plaintiff, Ryon Lee, resides at 2919 Rosewood Street    Houston, Texas 77004  in the County of Harris.

**DEFENDANT(S):**

**.Defendant #1:** Capital One Auto Finance, a subsidiary of Capital One Financial Corporation, a financial institution located at 1680 Capital One Drive, Mclean, Virginia, 22102, a corporation established in the United States.   Capital One Financial Corporation is regulated by the United States Security Exchange.

**Defendant#2**  Ed Gonzales, Elected Official Sheriff of the Harris County Sheriff Department, 1200.Baker Street,.Harris County,Houston, Texas 77002.

**Defendant #3:** Deiyk Fields, Deputy Constable for the Harris County Sheriff  Department, Precinct 4,.located at 1200 Baker Street, Harris County,.Houston, Texas, 77002.

**Defendant #4:** Leron Kelly, Deputy Constable for the Harris County Sheriff Department, .Precinct 4,.located at .1200.Baker Street, Harris County,.Houston, Texas, 77002.

## CONSTITUTIONAL VIOLATION

**Violation #1:** The Defendant, Deryk Fields, a law enforcement officer employed with the Harris County SheriffDepartment, working off duty in his personal capacity, violated Plaintiff, Ryon Lee, a non party to the incident intentionally and with willful malice arrested Plaintiff.Lee for exercising her First Amendment right by videoing an incident between Defendant Fields and Ms. Veronica Smith, of repossession of property, a civil -matter in the state of Texas.

**Violation #2:** Defendant, Deryk Fields, a law enforcement officer employed with the Harris County Sheriff .Department, working off duty in his personal capacity, violated Plaintiff, Ryon Lee, a non party to the incident, intentionally and with willful malice arrested .Plaintiff Lee filing a false .police report resulting in the arrest of.Plaintiff,.Ryon Lee regarding a civil dispute between.Ms. Veronica Smith and.her creditor.

**Violation #3:** The Defendant, Deryk Fields, a law enforcement officer employed with the .Harris County Sheriff.Department, working off duty in.his personal capacity, violated Plaintiff, Ryon Lee, a non party to the incident, violated §1983, under the color oflaw by using.his authority as a.Law enforcement Officer to call for additional backup related to Ms. Veronica Smith and a credit dispute related to a civil.matter.

**Violation#4:** Defendants, Deryk Fields, Kenneth Massey Leron Kelley, and Sheriff Ed Gonzales, and the .Harris County Sheriff.Departmentintentionally conspired to violated Plaintiff, Ryon Lee, a non party to an incident mentioned in this complaint of Title 18, U.S.C.Section §24.1 of.her rights of two or more more persons disguised on the on the

4

premises of another with the intent to prevent or **hinder** his/her free exercise or enjoyment of any rights so secured.

**Violation #5:** The Defendant, Kenneth Massey, a law enforcement officer employed with the Harris County Precinct 4 Constable's Officer , working off duty in his personal capacity, violated Plaintiff, Ryon Lee, a non party to the incident intentionally and with willful malice arrested Plaintiff Lee for exercising her First Amendment right by videoing an incident between Defendant Fields and Ms. Veronica Smith, of repossession of property, a civil matter in the state of Texas.

**Violation #6:** Defendants, Deryk Fields and Kenneth Massey, a law enforcement employed with the Harris County Sheriff Department, working off duty in their personal capacity, under Texas Penal Code Section 37.08 a Class B Misdemeanor offense, punishable by up to J 80 days in jail and a fine of up to $2,000 reporting a false police report resulting in the arrest and violated Plaintiff, Ryon Lee, a non party of an incident related to Ms. Veronica Smith.

**Violation#6:** Defendants Deryk Fields and Kenneth Massey escalation of events surrounding Ms. Smith's repossession of her vehicle authorized by Capital One Auto Financing that Massey and Fields breached the peace causing danger to Plaintiff, Ryon Lee, African American by continue renewal of danger by calling the Harris County Sheriff Department after Ms. Smith peacefully surrendered the vehicle turning the incident started from a civil to a criminal matter.

5

**Violation #7:** Defendant, Leron Kelly, a law enforcement Officer employed with the Harris County Sheriff Department violated a 1983, under the color of law, under Title VII against Plaintiff, Ryon Lee, a non party to the incident of intentionally and with willful malice arrested after she was seen videoing an incident between Office Massey and Fields, in a civil matter of repossession.Ms. Smith's vehicle authorized by Capital One Auto Financial.

**Violation #7:** Harris County Sheriff Department, a state law enforcement agency in Iexas ,intentionally violated First AmendmentRight of Free Speech, after PlaintiffRy.on. Lee's arrested on.false charges after she was videoing a non criminal incident.

**Violation #8:** Harris County Sheriff Department, a state law enforcement agency in Iexas, violated.Plaintiff, Ryon Lee Fourth and Fifth.Amendment.right by falsely arresting her for videoing Ms. Smith's repossession, making the arrest "bogus" that the Defendants did .not come to trial to attest to the charges filed against.her; having the case dismissed for lack-of evidence.

## I.    STATEMENT OF FACTS FOR RELIEF.

Plaintiff, Ryon Lee, asserts on or about March 31st, 2022, arriving at address 10723 Cypresswood Drive, Houston Texas 7707 with her .mother, V.S. ( debtor who Capital One Financing was seeking the repossession) witnessing an unmarked vehicle with no notification (white. suburban) with emergency warning lights parked in V.S's driveway along with. two unidentified men in plaine clothing. Upon approaching the two identified men, a conversation

began with the two unidentified men and Ms. Smith over the property of V.S.'s vehicle in which the men claimed they were hired by Capital One, a financial institution financing Ms. Smith's vehicle for repossession. The two unidentified men were later identified as Dereyk Fields and Kenneth Massey of the Harris County Constable Police Department During the conversation between the two unidentified men who still did not state the name of the company, repossession of V.S's vehicle causing all the parties to raise their voices at a higher pitch. At some point, Lee began to take out her phone and start video the incident between Fields, Massey, and V.S quickly escalated, by Officer Fields and Officer Massey. The argument became so hostile by Fields and Massey, V.S's Husband went into the home and returned surrendering the keys to Fields who immediately took possession of the vehicle and drove the vehicle off V.S property to V.S. neighbor's driveway adjacent to V.S. property. Fields then proceeded to contact the Harris County Sheriff Department filing a report against V.S. Officers Gonralez and Constable Kelly arrived and were approached by Fields and Massey in gathering information and proceeded to walk toward Lee and V.S. to detain and arrest both women based on information provided. Sheriff Ed Gonzales, elected Sheriff of Harris County Sheriff Department was on the scene in which he assisted and approved the arrest. Officer Fields, Massey and Sheriff Gonzales failed to read the parties of their Miranda rights as it was related to their detainment and subject arrest. Both Plaintiff and Ms. Smith were transported to Harris County Jail resulting in a total of two (2) days of confinement, releasing both parties on April 3rd, 2023. Plaintiff was informed after her arrest and prior to her court appearance she was charged with Interference with Public Duties when she was released from jail. In Texas, this offense is referred to as interference with public duties A person can be charged with the crime if they interrupt, disrupt, impede or otherwise interfere with an officer performing their lawful duties, *Texas Penal Code §38-14.*

Plaintiff appeared before the court represented by a court appointed attorney in case Cause No. 240112601010-2 which the court dismissed on August 9th, 2022. Plaintiff filed for

expunction of Interference in the District Court for The 269th Judicial District Harris County Docket Number NO. 2023-26821. The expungement was granted and pending all parties to be notified for the removal of the conviction. ( See Exhibit/Evidence  A Order from court dismissal and or expungement of case).

**PENAL CODE TITLE 8. OFFENSES AGAINST PUBLIC ADMINISTRATION;    CHAPTER 37. PERJURY AND OTHER FALSIFICATION**

**Sec. 37.0L  DEFINITIONS.**  In this chapter:

(1)  "Court record" means a decree, judgment, order, subpoena, warrant, minutes, or other document issued by a court of:

(A)  this state;

(B)  another state;

(C)  the United States;

(D)   a foreign country recognized by an act of congress or a treaty or other international convention to which the United States is a party;

(E)  an Indian tribe recognized by the United States;  or

(F)   any other jurisdiction, territory, or protectorate entitled to full faith and credit in this state under the United States Constitution.

(2)  "Governmental record" means:

(A)   anything belonging to, received by, or kept by government for infonnation, including a court record;

(B)  anything required by Jaw to be kept by others for infonnation of government;

(C)   a license, certificate, pennit, seal, title, letter of patent, or similar document issued by government, by another state, or by the United States;

(3)  "Statement" means any representation of fact.

Sec. 37.02.   PERJURY.   (a)   A person commits an offense if, with intent to deceive and with knowledge of the statement's meaning:

(1)   he makes a false statement under oath or swears to the truth of a false statement previously made and the statement is required or authorized by Jaw to be made under oath;   or

(2)    he makes a false unsworn declaration under Chapter .ll2. Civil Practice and Remedies Code.

(b)  An offense under this section is a Class A misdemeanor.

Sec. 37.03.   AGGRAVATED PERJURY.   (a)   A person commits an offense if he commits perjury as defined in Section 37.02, and the false statement:

(1)  is made during or in connection with an official proceeding;  and

(2)  is material.

(b)  An offense under this section is a felony of the third degree.

9

Sec. 37.04.  MATERIALITY.  (a)  A statement is material, regardless of the admissibility of the statement under the rules of evidence, if it could have affected the course or outcome of the official proceeding.

(b)  It is no defense to prosecution under Section 37.03 (Aggravated Perjmy) that the declarant mistakenly believed the statement to be immaterial.

(c)  Whetherastatementis material il1a given.factual sitnation is a question oflaw.

Sec. 37.05.  RETRACTION.  It is a defense to prosecution under Section 37.03 (Aggravated Perjury) .that .the actor retracted his false statement:

(1)  before completion ofthetestimony at.the official proceeding;  .and

(2)  before it became manifest that the. falsity of the statement would be exposed.

Sec. 37.06.  INCONSISTENT STATEMENTS.  An information or indictment for perjury under Section 37.02 or aggravated perjury under Section 37.03 that alleges.that the declarant has made statements under oath, both of which cannot be true, need not allege which statement is false.  At the trial the prosecution need.not prove which statement is false.

**Sec. 37.07.  IRREGULARITIES NO DEFENSE.**  (a)  It is no defense to prosecution under Section TI.!l2. (Perjury) or 3.1..!l:l. (Aggravated Perjury) that the oath was administereci or taken in an irregular manner, or that there was some irregularity **in** the appointment or qualification of the person who administered·the·oath.

(b)  It is no defense to prosecution under Section .ll..Q2. (Perjury) or 3.1..!l:l. (Aggravated Perjury) that .a document was not sworn to if the document contains a recital that it was made under oath, the declarant was aware of the recital when he signed the document, and the document contains the signed jurat of a public servant authorized to administer oaths.

**Sec. 37.08. OF TEXAS PENAL CODE;  FALSE REPORT TO PEACE OFFICER, FEDERAL SPECIAL INVESTIGATOR, LAW ENFORCEMENT EMPLOYEE, CORRECTIONS OFFICER, OR JAILER.**

(a)  A person commits an offense it; with intent to deceive, he knowingly makes a false statement that is material to.a.criminal investigation and makes thestatemenUo:

(1)  a peace officer or federal special investigator conducting the investigation;

(2)  any employee of a law enforcement agency that is authorized by the agency to .condnct the-investigation and that the actor knows is conducting the investigation; or

(3)  a corrections officer or jailer.

(b)  In this section, "law enforcement agency" has the meaning assigned by Article 59.01, Code of Criminal Procedure.

(c)  An offense under this section is a Class B misdemeanor.

II.   THE DEFENDANTS VIOLATED PLAINTIFF'S CONSTITUTIONAL RIGHTS OF

BREACH OF PEACE.


The United States Supreme Court held in  *See City of Houston v. Hill, 482 U.S. 451 (1987)* regarding a party who interferes in the obstruction of a criminal act.  Capital One is not a part of any government and there was no criminal investigation being conducted by the Harris County Sheriff's department during the incident occurring at the home of Ms. Smith.   Obstruction occurs when an individual obstructs a "Police Officer." in the course of duty.  Defendants, Fields and Massey were off duty at the time of repossession of a civil debt o f Capital One and therefore, being on the property of Ms. Smith was not a criminal investigation, but a civil matter.  Although the preservation of liberty depends in part upon the maintenance of social order, the First Amendment requires that officers and municipalities respond with restraint in the face of verbal challenges to police action, since a certain amount of expressive disorder is inevitable in a society committed to individual freedom, and must be protected i f that freedom would survive. Pp. 482 U. S. 471-472.  Detaining and arresting Plaintiff by stating video of a private incident is no only unconstitutional of her First Amendment Rights, but abuse of authority as well by the Sheriff's office of Harris County including Sheriff Ed Gonzales.

TEXAS PENAL CODE 38-14


III.    THE DEFENDANTS, HARRIS COUNTY SHERIFF DEPARTMENT ACTING ON BEHALF OF CAPITAL ONE VIOLATED PLAINTIFF, RYON LEE FOURTH AMENDMENT RIGHT.


Since the Defendants Fields and Massey were using their business capacity as law enforcement officers on a civil matter in obtaining a debt, citing  *Bivens v. Six Unknown Narcotics Agents, 403 U.S. 388* to establish the relationship between the parties as well as the proof of damages i n seeking relief of Parties who intentionally violate another individuals fourth

Amendment right.! Videoing a civil incident of a creditor issue is not disputing any law enforcement agency. .In .fact, .it .is between two .private parties.. PlaintiffLee prior to and after did not pose a threat to the off duty officers nor did Ms. Smith and violence, threats, on Plaintiff .Lee or Ms. Smith .that would.have.resulted.in Jaw enforcement being called. In.Bevins, a Petitioner's complaint that states a federal cause of action under the Fourth Amendment proven .injuries allows .Petitioner'.s .recovery of damages. .Plaintiff's evidence of her. own video with. discovery of Harris county Sheriff Department intentionally detained Plaintiff on a civil matter in whichno.threat was.probable.

**a. There was no warrant against the Plaintiff or Ms. Smith for the police to arrest the .par.ties.**

During the incident, the Harris County Sheriff Department never had a warrant for the .either Jllaintiff or Ms. Smith, so the incident was a civil .matter even after .Fields .and.Massey took.possession of.the vehicle after it was surrendered to them. Additional

b. Plaintiff will retain bodycam footage of the incident as part of her evidence.

Under Section *1701.661* of .the Government Code is the sole authority under which .a copy of a body worn camera recording may be obtained from a law enforcement agency under the Jlublic .Information Act, Chapter 552 of the Government Code, and no fee for obtaining a copy of a body wo camera recording from a law enforcement to support her allegation of filed .in .her complaint. J>laintiff extended .her .right to .file a .motion to compel the Harris County Sheriff Departmen , its third party, and any party, storage complaint, (digital), related to this .incident of.Plaintiff's being arrested. ***Texas Public Information Act.***

*Texas Government Code, Chapter 552,* gives you the right to access government records; and an officer for public information and the officer's agent may not ask why you want them. All government information is presumed to be available to the public. Certain exceptions may apply to the disclosure of the information. Governmental bodies are required to *promptly* release requested information that is not confidential by Jaw, either constitutional, statutory, or by judicial decision, or information for which an exception to disclosure has not been sought.

**IV.   DEFENDANT, HARRIS COUNTY SHERIFF DEPARTMENT  AND IT ON DUTY OFFICERS FAILED TO READ PLAINTIFF'S MIRANDA RIGHTS.**

**Violation of Miranda Rights:**

Plaintiff asserts that at the time of detention by Harris County Sheriff's Office, Harris County failed to read her miranda rights *(Miranda v. Arizona, 384 U.S. 436, 444)* informing her why she was being arrested by Jaw notifying Plaintiff in a criminal proceeding of a suspect in police custody (or custodial interrogation) advising her the right to be silent and protection of self-crimination which is a part of the preventive criminal protection procedure.  Due to the negligence of the Harris County Sheriff's department acting on information from off duty  officer Fields and Massey misconduct causing Plaintiff Lee to be denied right to counsel.

**Rights of Req11estors**

You have the right to prompt access to information that is not confidential or otherwise protected;

## L1 HARRIS COUNTY SHERIFF DEPARTMENT, ITS OFFICERS, ON AND OFF DUTY, AND CAPITAL ONE FINANCE  VIOLATED PLAINTIFF'S RIGHTS FOR FREEDOM OF SPEECH

Plaintiff Lee First and Fourteenth Amendment was intentionally violated being arrested for intentionally videoing the incident on private property.  Video taping an incident between law enforcement and private citizens is protected by  previous rulings from the United States Supreme Court *(See McCullen v Coakley, 573 U.S. 464, 476 (2012) (quoting  Glik v. Conniffe, 655 R3d 78 (1st Cir. 20211).*  Plaintiff's Lee arrest for videoing alone by the Harris County Sheriff's department  during a civil action is a breach of peace on the party to whom the repossession occurred and not the bystander who decides to video the incident. The arrest within itself is a  stand  alone  injury  to  Plaintiff  but  additional  injury  consists  of  humiliation, embarrassment,  injury of cost  from  loss of time from work/school.

### VI.    RIGHTS OF PRO SE LITIGANTS

Plaintiff exercised her rights of self representation against the Defendants in a civil action resulting in a criminal action against her.  Plaintiff  has the burden to show to the court the Defendants caused a violation of her rights causing an injury in order for her to seek relief.  After Plaintiff has shown her case the burden then shifts to the Defendants, *See McDonnell Douglas Corp v. Green,  411 U.S. 792 802-83 (1983).*   Since the Defendants committed fraud by filing a false report against Plaintiff, it is enough to invoke fe&rai court jurisdiction which is a violation of her civil rights.

   a.   **Plaintiff seeks relief on  Estoppel by misconduct  on statements.**

15

Plaintiff is seeking an order against the Defendants, Capital One Auto financial, Defendants, Officer Deryk Fields, Officer Kenneth Massey, Sheriff Ed Gonzales, the Harris County Sheriff Department Officer Leron and any other parties related to this case from making inconsistent statement as it relates to body cam footage, videos, statement, witnesses, their position as a law enforcement officer, working for a third party company as it relates to the incident and arrest against Plaintiff.

b.      Plaintiff right to leave to amend complaint upon additional discovery.

Plaintiff respectfully intends to file her motion to leave after discovery in obtaining additional information to Defendant Fields and Massey private company hired by Capital One to repossess Mrs. Smith's vehicle causing a breach of peace resulting in Ms. Lee being detained and arrested for no cause.

**RELIEF SOUGHT:**

**IT IS THEREFORE, PLAINTIFF PRAYS FOR TIDS COURT:**

1. The Court award Plaintiff Ryon Lee relief in the amount of Three Hundred Thousand Dollars in punitive damages against Defendant, Capital One Anto Financial, for damages caused by the false arrest caused by Defendant Deryk Fields and Kenneth Massey, a third party recovery company. This includes embarrassment, humiliation, stress, economic hardship during the arrest and pending litigation.

2. The Court award Plaintiff Ryon Lee relief in the amount of Two Hundred Thousand Dollars for statutory damages against Capital One Auto Financial caused by the loss of freedom being arrested and confined in jail caused by the false report of Defendant Deryk Fields and Kenneth

Massey, a third party recovery company. This includes embarrassment, humiliation, stress, economic hru-dship during the arrest and pending litigation.

3. The court award Plaintiff Ryon Lee relief in the amount of Two Hundred Thousand Dollars for punitive damages against Harris County Sheriff Department for violation of Ms. Lee civil rights under Title VII. This includes embarrassment, humiliation, stress, economic hardship during the arrest and pending litigation.

4. The court award Plaintiff Ryon Lee relief unspecified statutory damages against Defendant Harris County Sheriff Department to deter further treatment of the department for abuse of authority and violation of 1983

Respectfully Submitted,

Ryon Lee
Plaintiff/ Pro se ( Representing herself)
Houston, TX